**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3634 |
| Plaintiff - Appellee, | D.C. No. 1:21-cr-02029-SAB-1 |
| v. | |
| SAMANTHA MARIE TAINEWASHER, AKA Samantha Marie Howard, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted August 15, 2025
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Samantha Marie Tainewasher appeals from her conviction of involuntary

manslaughter in Indian Country in violation of 18 U.S.C. §§ 1112, 1153.[1] As the

parties are familiar with the facts, we do not recount them here.  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In a concurrently filed opinion, we affirm Tainewasher's conviction for illegal use of a communication facility in the commission of a drug felony in violation of 21 U.S.C. § 843(b).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Tainewasher challenges the district court's inclusion of a date range in its involuntary manslaughter instruction. "We review de novo whether a jury instruction misstates the law[,] . . . [and] the 'language and formulation' of a jury instruction for abuse of discretion." *United States v. Rodriguez*, 971 F.3d 1005, 1012 (9th Cir. 2020) (citation omitted).

The district court did not misstate the law by including the date range charged in the indictment in its involuntary manslaughter instruction. Nothing in 18 U.S.C. § 1112, nor the case law interpreting it, requires a defendant's grossly negligent act to be confined to the precise date or time of the victim's death. *See* 18 U.S.C. § 1112(a). Moreover, given the ongoing nature of the grossly negligent act alleged here, the district court did not abuse its "wide discretion" to formulate jury instructions by including the date range in which the grossly negligent conduct allegedly occurred. *Rodriguez*, 971 F.3d at 1016.

2. The government presented sufficient evidence for a rational juror to conclude beyond a reasonable doubt that Tainewasher's grossly negligent conduct caused her child's death. *See United States v. Tuan Ngoc Luong*, 965 F.3d 973, 980–81 (9th Cir. 2020). Cellphone video footage depicted drugs and drug paraphernalia consistent with methamphetamine and fentanyl use on Tainewasher's bed, where the toddler died two days later. An analysis of the

victim's blood revealed that he ingested trace amounts of methamphetamine and fentanyl, and experts opined that the latter caused his death. Based on this evidence, the government argued to the jury that the victim was exposed to and killed by fentanyl residue left on Tainewasher's bed. Viewing the evidence in the light most favorable to the prosecution, a rational juror could conclude that Tainewasher's gross negligence—allowing her toddler to be in a space she knew to be contaminated with fentanyl—caused her toddler's death.

**AFFIRMED**.